UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| VICTOR A. TAVARES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C. A. No. 17-550-JJM-LDA |
| ) | |
| RHODE ISLAND DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

ORDER

Plaintiff Victor A. Tavares[1] has filed a civil rights complaint in this Court under 42 U.S.C. § 1983, alleging violations of his constitutional rights by the Rhode Island Department of Corrections and various employees. Specifically, Mr. Tavares alleges the defendants "enact and enforce policy through 'Bills of Attainders' as punishment which is outlawed by the Constitution." ECF No. 1 at 4. He has also filed a motion for leave to proceed *in forma pauperis*.[2] ECF No. 2. In connection with proceedings *in forma pauperis*, the Court is required to screen the complaint under

---

[1] Mr. Tavares appears to have filed this complaint on behalf of himself and several other inmates. *See* ECF No. 3-1. Because he is a pro se filer, however, he may not file a complaint on behalf of others. *See* ECF No. 3. Thus, the complaint in this case was docketed only as to Mr. Tavares, and this Order only applies to claims brought by him.

[2] The Court DENIES Mr. Tavares' motion to proceed *in forma pauperis* at this time because he failed to submit a copy (certified or otherwise) of his trust fund account statement as required by 28 U.S.C. § 1915(a)(2).

28 U.S.C. §§ 1915(e)(2) and 1915A. Having done so, the Court concludes that Mr. Tavares has failed to state a claim upon which relief may be granted.

In addition to the legal conclusion that his constitutional rights were violated by the defendants' enforcement of polices through Bills of Attainders, the only other facts he alleges are: "On July 24, 2017, Superior Court Sheriffs generated a disciplinary booking that resulted in a 30-day solitary confinement. Upon arrival at ACI disciplinary booking was read. Hearing ensued by Maximum Security Lieutenant. Verdict: Guilty." ECF No. 1 at 4.

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is plausible when it states sufficient facts that allow "the court to draw the reasonable inference that the defendant is liable." *Id.* However, post-*Iqbal/Twombly*, a plaintiff's complaint "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555. A plaintiff must provide more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678.

Mr. Tavares' complaint fails on a number of levels. It does not contain sufficient factual allegations to state a claim to relief that is plausible on its face. Second, there are insufficient plausible allegations to allow this Court to determine at this stage that the defendants are liable. Lastly, the complaint requires more than labels and legal conclusions.

Because this matter fails to state a claim upon which relief may be granted, under 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court hereby DISMISSES this action.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

November 30, 2017