UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VICTOR A. TAVARES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RHODE ISLAND DEPARTMENT ) <br> OF CORRECTIONS, et al., ) <br> ) <br> Defendants. ) <br> ) | C. A. No. 17-550-JJM-LDA |

## ORDER

Plaintiff Victor A. Tavares' initial Complaint was dismissed by this Court on November 30, 2017, for failure to state a claim upon which relief may be granted. *See* ECF No. 4. Mr. Tavares now seeks leave to file an Amended Complaint in an attempt to remedy this defect. *See* ECF No. 5.

The crux of the Amended Complaint is that the Rhode Island General Assembly has consolidated legislative, judicial, and executive functions in the Rhode Island Department of Corrections, as evidenced by its power to make policies, conduct hearings, and issue disciplinary action. Mr. Tavares argues that this makes disciplinary action against him a legislative act that targets him for punishment—in other words, a bill of attainder. Such action would violate Article I, Section 10 of the United States Constitution.

Mr. Tavares' Amended Complaint, however, fails to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To the extent that Mr. Tavares

claims that Rhode Island law improperly delegates legislative function to the Department of Corrections, that is a question of Rhode Island constitutional law which does not in and of itself implicate Article I, Section 10, or the federal non-delegation doctrine. *See generally Mistretta v. United States*, 488 U.S. 361, 371–74 (1989).

Moreover, Mr. Tavares has not stated any factual allegations that the Rhode Island Department of Corrections is making *policy*—i.e., using its legislative function—to target him for punishment. Mr. Tavares states only that he has been subject to discipline since July of this year and has been sanctioned to remain as such until he is released in 2020. Without more, the plausible reading of this allegation is that he was subjected to discipline pursuant to the Department of Corrections' executive and judicial functions.

Because the Amended Complaint fails to state a claim upon which relief may be granted, leave to amend would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). The Court thus DENIES Mr. Tavares' motion for leave to file an Amended Complaint.

IT IS SO ORDERED.

_____
John J. McConnell, Jr.
United States District Judge

December 11, 2017

2