UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VICTOR A. TAVARES,<br>   Plaintiff,<br><br>v.<br><br>RHODE ISLAND DEPARTMENT<br>OF CORRECTIONS, JACK<br>VICINIO, MATTHEW KETTLE,<br>JEFFERY ACETO, and ASHBEL T.<br>WALL, II,<br>   Defendants. | C. A. No. 17-550-JJM-LDA |

ORDER

Plaintiff Victor A. Tavares sues various State Defendants[1] and the City of Cranston, alleging violations of his constitutional rights guaranteed by the United States Constitution. He alleges that the State Defendants caused these violations by the way they handled disciplinary infractions and hearings thereon while he was incarcerated at the Adult Correctional Institution (ACI) in Cranston. This Court dismissed his initial Complaint on November 30, 2017, for failure to state a claim upon which the Court could grant relief. *See* ECF No. 4. Mr. Tavares filed an Amended Complaint on December 27, 2017. ECF No. 9. All Defendants now move to dismiss the Amended Complaint (ECF Nos. 32 and 33), to which Mr. Tavares objects (ECF Nos. 36 and 37), the Defendants reply (ECF Nos. 38 and 39), and

---

[1] The State Defendants are the Rhode Island Department of Corrections ("RIDOC"), Jack Vicinio in his official capacity, Matthew Kettle in his official capacity as Warden, Jeffery Aceto in his official capacity as Deputy Warden, and Ashbel T. Wall, II, in his official capacity as Director of RIDOC (collectively "the State").

Mr. Tavares sur-replies. ECF Nos. 40 and 41. Because the Court finds that Mr. Tavares' Complaint, even as amended, also fails to state a claim, the Court GRANTS the Defendants' Motions to Dismiss.

*Facts*

In his Amended Complaint, Mr. Tavares alleges that the State violated his Fourteenth Amendment rights and that he is suffering "atypical and significant hardship." Specifically, he alleges that after a number of disciplinary infractions, prison officials issued him "offender reports" and subsequently conducted disciplinary hearings on those infractions. At these hearings, he alleges that the State denied him assistance of counsel, the right to question witnesses, and the right to review evidence. Because of his disciplinary infractions and subsequent hearings, Mr. Tavares claims the State has sanctioned him since July 24, 2017 and those sanctions will continue until June 10, 2020. Mr. Tavares also alleges that disciplinary proceedings are not "up to Federal Standards."

*Standard of Review*

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff's claim is plausible when it states sufficient facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The Court must accept a plaintiff's allegations as true and construe them in the light most favorable to the plaintiff, and review pleadings of a pro se plaintiff liberally. However, the Court need not credit bald assertions or unverifiable conclusions." *Tucker v. Wall*, No. 07-406 ML, 2010 WL 322155, at *8 (D.R.I. Jan. 27, 2010) (citations omitted). At the motion to dismiss stage, a court must "consider not only the complaint but also matters fairly incorporated within it and matters susceptible to judicial notice." *In re Colonial Mortg. Bankers Corp.*, 324 F.3d 12, 15 (1st Cir. 2003).

*Analysis*

*The State Defendants' Motion to Dismiss*

    *1. Disciplinary Segregation*

Mr. Tavares argues that the discipline the State imposed violated his constitutional rights. The law, however, does not support his position. A brief review of the well-settled precedent follows and the Court's application of the law to Mr. Tavares' allegations leads it to reject again his complaint as failing to state a claim.

"Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Price v. Johnston*, 334 U.S. 266, 285 (1948). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995). The United States Supreme Court has stated that "[t]he Due Process

3

Clause standing alone confers no liberty interest in freedom from state action taken 'within the sentence imposed.'" *Sandin*, 515 U.S. at 480 (citing *Hewitt v. Helms*, 459 U.S. 460, 468 (1983)). The Supreme Court has rejected claims that an inmate has the right to remain in general population, holding that "the transfer [of an inmate] to less amenable quarters for *nonpunitive* reasons was 'ordinarily contemplated by a prison sentence.'" *Id.* (emphasis added). The Due Process Clause will not be implicated unless a complaint plausibly alleges the loss of a liberty-based interest based on the "impos[ition of] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.* at 484. For example, in *Sandin,* the Supreme Court found that a prisoner's punishment of thirty days in disciplinary segregation "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest." *Id.* at 486.

In his Amended Complaint, Mr. Tavares alleges that the State placed him in disciplinary segregation for thirty days, which imposed "atypical" and "significant" hardship on him. ECF No. 9 at 4, ¶18. The State has classified him to the High Security Center and Administrative Confinement. However, merely pleading that his punishment was an atypical and significant deprivation is not enough to plead plausibly the loss of a liberty interest. Therefore, Mr. Tavares' allegation that prison officials placed him in segregation is insufficient to state a claim upon which the Court can grant relief.

4

## 2. The Loss of Good-Time Credit

Mr. Tavares alleges that the loss of good-time credit is a violation of his Due Process Clause rights. The United States Supreme Court discussed a prisoner's Fourteenth Amendment liberty interest in good-time credit in *Wolff v. McDonnell*, 418 U.S. 539 (1974). While the Supreme Court noted that the United States Constitution "does not guarantee good-time credit for satisfactory behavior while in prison," *id.* at 557, an inmate has a liberty interest in good-time credit if a state statute provides such a right and delineates that it may not be taken away except for serious misconduct. *Id.* at 558. Looking then to Rhode Island's good-time statute, R.I. Gen. Laws § 42-56-24, the Court finds that it does not create any such liberty interest. *See Almeida v. Wall*, No. C.A. 08-184S, 2008 WL 5377924, at *6 (D.R.I. Dec. 23, 2008); *Barber v. Vose*, 682 A.2d 908 (R.I. 1996). The statute gives RIDOC administration the discretion to extend or deduct good-time credit and does not require "that the offender be consulted before the good-time is deducted from that which the prisoner has accumulated." *Almeida*, 2008 WL 5377924, at *6. Consequently, Mr. Tavares does not have a liberty interest under either the Rhode Island statute or the United States Constitution in the good-time credits for which he is seeking protection under the Due Process Clause.

## 3. Disciplinary Hearing

Mr. Tavares alleges that the State violated his due-process rights by failing to provide him with sufficient process in his disciplinary hearings. Mr. Tavares' claim fails, however, because he cannot make a claim that insufficient process violated his

5

due-process rights without plausibly alleging that the State deprived him of a protected liberty interest. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 571 (1972). As discussed above, neither the Due Process Clause nor Rhode Island state law creates a liberty interest in remaining in the general population. *Wolff*, 418 U.S. at 557-58. The State cannot violate due-process rights where there is no liberty interest effected by the outcome of the hearing. *See Meachum v. Fano*, 427 U.S. 215, 28-29 (1976). Therefore, Mr. Tavares has no valid claim to a due process violation resulting from any disciplinary hearing.

*The City of Cranston's Motion to Dismiss*

It is unclear why the City of Cranston is a defendant in this case. The City speculates that perhaps it is because the ACI where Mr. Tavares is serving his sentence is located in the City. There is no cause of action that would sustain a claim against the City simply because the ACI is located within its boundaries. Therefore, the Court GRANTS the City's Motion to Dismiss (ECF No. 33).

*Conclusion*

Because Mr. Tavares has failed to state a claim upon which relief can be granted, as to all of the Defendants, the Court GRANTS both the State's Motion to Dismiss (ECF No. 32) and the City's Motion to Dismiss (ECF No. 32).

IT IS SO ORDERED.

/s/ John J. McConnell, Jr.
_____
John J. McConnell, Jr.
United States District Judge
March 30, 2018